OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 11, 2001

The Honorable Russell W. Malm
Midland County Attorney
200 West Wall Street, Suite 104
Midland, Texas 79701

Opinion No. JC-0397

Re: Whether a county may pay the employer's share of employment taxes on state "supplemental salary compensation" paid to a county judge pursuant to section 26.006(a) of the Government Code from the state-provided funds, and related questions (RQ-0356-JC)

Dear Mr. Malm:

You ask several questions about payment of the employer's share of a county judge's and assistant district attorneys' employment taxes. Certain county judges receive an annual salary supplement of $10,000 from the state. *See* TEX. GOV'T CODE ANN. § 26.006 (Vernon Supp. 2001). You ask whether a county may pay the employer's share of employment taxes on this salary supplement from the state-provided funds.[1] In addition, assistant district attorneys in your county receive salary supplements from the district attorney's "hot-check fund" and from monies the district attorney receives from the state under section 46.004 of the Government Code. *See id.* § 46.004; TEX. CODE CRIM. PROC. ANN. art. 102.007(a), (c), (f) (Vernon Supp. 2001). You ask whether a county may pay the employer's share of employment taxes on salary supplements paid to assistant district attorneys from the hot-check fund or the monies provided by the state. *See* Request Letter, note 1, at 2. We conclude that the county may not pay the employer's share of employment taxes on the county judge's salary supplement from the state salary supplement. With respect to the assistant district attorney supplements, we conclude that the district attorney may not require the county commissioners court to expend county funds to pay the employer's share of employment taxes on the supplements; a district attorney who chooses to use either of these special funds for salary supplements is responsible for assuring compliance with federal law with respect to employment taxes on the salary supplements.

As background to your request, we note that federal law provides that both the employer and the employee pay a share of the tax for old-age, survivors, and disability insurance. *See* 26 U.S.C. §§ 3101 (tax on employee); 3111 (tax on employer) (1994). Subchapter B of chapter 606 of the Government Code authorizes political subdivisions in this state to pay the employer's share of taxes

---

[1]*See* Letter from Honorable Russell W. Malm, Midland County Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (Feb. 22, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

in order to obtain social security coverage for their employees. *See* TEX. GOV'T CODE ANN. § 606.027 (Vernon 1994) (political subdivision pays matching contribution); *see also id.* §§ 606.001(3)(A) (defining "political subdivision" to include a county), .021(1) (defining "employee" to include an officer of a political subdivision), .026(a) ("The governing body of a political subdivision may make contributions under an agreement to obtain social security coverage."); Tex. Att'y Gen. Op. No. V-1198 (1951) at 6 (provisions of former article 695g of the Revised Civil Statutes, now Government Code chapter 606, subchapter B, place financial responsibility on participating counties and cities). This office has said that "these statutes create a presumption that the public employer will pay the employer's share of the tax, just as the public employee will pay the employee's share." Tex. Att'y Gen. Op. No. JC-0227 (2000) at 4.

First, we consider the county judge salary supplement. Section 26.006 of the Government Code provides that "[a] county judge is entitled to an annual salary supplement from the state of $10,000 if at least 40 percent of the functions that the judge performs are judicial functions." TEX. GOV'T CODE ANN. § 26.006(a) (Vernon Supp. 2001). That statute also provides that "[t]he commissioners court in a county with a county judge who is entitled to receive a salary supplement under this section may not reduce the county funds provided for the salary or office of the county judge as a result of the salary supplement required by this section." *Id.* § 26.006(c).

Based on the similarity between the county judge state salary supplement and the county attorney state salary supplement, which we considered in Attorney General Opinion JC-0227, we conclude that the county may not pay the employer's share of employment taxes on the county judge's salary supplement from the state-provided funds. In Attorney General Opinion JC-0227, this office addressed whether the state salary supplement for county attorneys set forth in the Professional Prosecutors Act, Government Code chapter 46, could be used to pay the employer's share of employment taxes. Section 46.0031 provides "state supplemental salary compensation" for county prosecutors. *See id.* § 46.0031(a). Based on that statute's use of the word "salary," which is generally understood *not* to include nonmonetary benefits such as an employer's contributions toward insurance, retirement, or social security coverage, and the general presumption that the public employer will pay the employer's share of payroll taxes, we concluded that the legislature did not intend the salary supplement to be used to pay the employer's share of employment taxes on the state-provided funds. *See* Tex. Att'y Gen. Op. No. JC-0227 (2000). We also noted that the funds were intended to supplement the salaries of county attorneys and that "[t]he effect of using state funds appropriated for the state salary supplement to pay for the employer's share of employment taxes on the supplement would be to shift the burden of those taxes from the employer to the employee," contrary to the legislative purpose of the salary supplement. *See id.* at 4. Like section 46.0031, section 26.006(a) provides an annual "salary supplement" and appears intended to supplement the salaries of eligible county judges. *See* TEX. GOV'T CODE ANN. § 26.006(a) (Vernon Supp. 2001). It would be inconsistent with this intent to use the state-provided funds to pay the employer's share of employment taxes on the salary supplement.

You also ask whether a county may pay the employer's share of employment taxes on salary supplements paid to assistant district attorneys from the hot-check fund or the monies the district

attorney receives from the state under another provision of chapter 46. *See* Request Letter, *supra* note 1, at 2. We assume you ask about assistant district attorneys employed by the district attorney of the 142d Judicial District, who "represents the state in criminal cases in all district and inferior courts other than municipal courts having jurisdiction in Midland County," and who has the powers and duties relating to: "(1) the prosecution of felony and misdemeanor criminal cases; (2) matters directly relating to criminal cases, including asset and bond forfeitures; and (3) delinquent children, children in need of supervision, and protective orders" under chapter 71 of the Family Code. *See* TEX. GOV'T CODE ANN. § 43.157 (Vernon Supp. 2001).

As a general matter, section 41.106 of the Government Code vests a prosecuting attorney with the power to "fix the salaries of his assistant prosecuting attorneys, investigators, secretaries, and other office personnel." *Id.* § 41.106(a) (Vernon 1988). However, this authority is subject to the approval of the commissioners court of the county (or counties) composing the district, which may change salaries proposed by a prosecuting attorney, as in the case of ordinary county employees. *See id.* (prosecuting attorney's authority to fix salaries is "subject to the approval of the commissioners court of the county or counties composing the district"); *see also Comm'rs Court of Caldwell County v. Criminal Dist. Attorney, Caldwell County*, 690 S.W.2d 932, 939 (Tex. App.–Austin 1985, writ ref'd n.r.e.). Section 41.106 addresses salaries paid from county funds. However, you ask about salary supplements paid not from county funds, but from funds over which the prosecuting attorney is vested significant discretion. *See* Request Letter, *supra* note 1, at 2.

Section 46.004 of the Government Code creates a state supplement for the office of a state prosecutor rather than a state salary supplement, providing that "[e]ach state prosecutor is entitled to receive not less than $22,500 a year from the state to be used by the prosecutor to help defray the salaries and expenses of the office. That money may not be used to supplement the prosecutor's salary." TEX. GOV'T CODE ANN. § 46.004(a) (Vernon Supp. 2001). This office has held on at least two occasions that these funds "may be used in [the district attorney's] sole discretion for the purposes authorized under the statute and are not subject to control by the commissioners court." Tex. Att'y Gen. Op. No. JM-70 (1983) (addressing statutory predecessor to Government Code section 46.004, former article 332b-4, section 4 of the Revised Civil Statutes). We concluded with respect to the statutory predecessor to section 46.006, for example, that "[county] budgetary statutes permit the commissioners court to determine the use of county funds only. It may show the availability of state funds appropriated to local officials to be used in their discretion, but may not purport to determine their use." *Id.*; *see also* Tex. Att'y Gen. Op. No. JM-428 (1986) (addressing Government Code section 46.004).

Similarly, article 102.007 of the Code of Criminal Procedure creates a special fund over which the prosecutor has "exclusive control." *See* Tex. Att'y Gen. Op. No. JC-0084 (1999) at 1 (citing Tex. Att'y Gen. Op. Nos. DM-357 (1995), JM-1034 (1989), JM-738 (1987)). This provision permits a prosecuting attorney to collect fees for collecting checks, which are deposited in the county treasury in a special fund, commonly referred to as the hot-check fund. *See* TEX. CODE CRIM. PROC. ANN. art. 102.007(a), (c), (f) (Vernon Supp. 2001). Article 102.007 expressly provides that "[e]xpenditures from this fund shall be at the sole discretion of the attorney and may be used only

to defray the salaries and expenses of the prosecutor's office, but in no event may the county attorney, district attorney, or criminal district attorney supplement his or her own salary from this fund." *Id.* art. 102.007(f) (emphasis added). The commissioners court cannot control expenditures from the fund; county control over the monies is limited to review by the county auditor, who "is authorized to oversee the county attorney's books and records regarding the fund." Tex. Att'y Gen. Op. No. DM-357 (1995) at 8. As you note, this office has specifically concluded that this statutory language authorizes a prosecuting attorney to hire staff without the approval of the commissioners court, provided that such staff are paid entirely from the hot-check fund. *See* Tex. Att'y Gen. Op. No. JM-738 (1987) at 3 (commissioners court approval not required for county attorney to hire an investigator and set his salary "where the expenditure for same is derived solely from funds collected" under predecessor to article 102.007 of the Code of Criminal Procedure); Tex. Att'y Gen. Op. No. JM-313 (1985) at 9 ("To the extent that salary increases . . . may be paid from the special fund, the attorney need not obtain the commissioners court's approval.").

You argue that county funds must be used to pay the employer's share of payroll taxes on salary supplements paid from the section 46.004 office supplement or the article 102.007 hot-check fund. You state that allowing the county "to pay the employer's share of payroll burden out of the supplement . . . would be completely contrary to [attorney general opinions] that these funds are not subject to control by the commissioners court." Request Letter, *supra* note 1, at 2; *see also id.* at 3 ("[A]llowing the county to pay the employment taxes out of the [hot-check] fund without the agreement of the District Attorney would directly violate the District Attorney's sole discretion over the fund."). You also believe that this is the case because, like the statute at issue in JC-0227, these statutes refer to salaries. *See id.* at 2.

We disagree. First, unlike the state monies at issue in JC-0227, which are dedicated as salary supplements for specific officials, the monies at issue here may be used to "defray the salaries and expenses" of the office. *See* TEX. GOV'T CODE ANN. § 46.004(a) (Vernon Supp. 2001); TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (Vernon Supp. 2001). These monies may be used entirely to defray office expenses rather than salaries. Using some of these monies to pay the employer's share of employment taxes would not violate the legislature's intent to provide any particular class of officers or employees with additional salary.

Second, and more fundamentally, these statutes vest state attorneys with the sole discretion to expend the monies at issue – the section 46.004 office supplement and the hot-check fund. They do not vest these state attorneys with control over county funds or the authority to require the expenditure of county funds for a particular purpose. The commissioners court must approve the expenditure of county funds, including county funds used to pay employees of the district attorney's office. *See* TEX. LOC. GOV'T CODE ANN. §§ 111.001-.094 (Vernon 1999 & Supp. 2001) (chapter 111, county budget procedures); TEX. GOV'T CODE ANN. § 41.106 (Vernon 1988) ("A prosecuting attorney shall fix the salaries of his assistant prosecuting attorneys, investigators, secretaries, and other office personnel, *subject to the approval of the commissioners court of the county or counties composing the district.*") (emphasis added); *Comm'rs Court of Caldwell County*, 690 S.W.2d at 932

(commissioners court is authorized to approve district attorney's office salaries paid from county funds).

In sum, we conclude that a district attorney may not require the county to use county funds to pay that portion of an employee's payroll taxes resulting from a salary supplement paid from either the section 46.004 office supplement or the hot-check fund. A district attorney who chooses to use either of these special funds for salary supplements is responsible for assuring compliance with federal law with respect to employment taxes on the salary supplements.

Finally, assuming that "the county may not pay the employer's share of employment taxes out of the funds in question," *see* Request Letter, *supra* note 1, at 3, you ask two questions about the county's potential liability. Given our conclusion that the county judge salary supplement may not be used to pay the employer's share of employment taxes, we reach these questions. We caution, however, that these are issues that would arise in the context of any litigation between the county judge and the county and may be resolved differently by a court.

You ask first if "any part of the claim of the County Judge . . . for employment taxes improperly paid out of the salary supplement [is] barred by a statute of limitations." *Id*. In Attorney General Opinion JC-0182, this office considered what statute of limitations would apply to several county court-at-law judges' potential causes of action against the county for underpayment of their annual salary. We concluded that "[a] cause of action premised upon a county's statutory liability for back pay is an action for debt" subject to section 16.004 of the Civil Practices and Remedies Code and that the judges' causes of action could therefore be limited by the four-year statute of limitations applicable to causes of action for debt, provided the county raised the statute of limitations as an affirmative defense. *See* Tex. Att'y Gen. Op. No. JC-0182 (2000) at 4. We believe that the same statute of limitations would apply here if the county judge were to pursue an action against the county for paying the county's share of employment taxes from the state salary supplement.

You also ask: "Does interest accrue on the amount owed to the [county judge], and if it does, at what rate does it accrue?" Request Letter, *supra* note 1, at 3. Prejudgment interest is "'compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment.'" *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998) (citation omitted). As a general matter, under both chapter 304 of the Finance Code and common law, prejudgment interest begins to accrue on the earlier of (1) 180 days after the date the defendant receives written notice of a claim, or (2) on the day the suit is filed. *See* TEX. FIN. CODE ANN. § 304.104 (Vernon Supp. 2001); *Johnson*, 962 S.W.2d at 531. Prejudgment interest is calculated as simple interest, *see* TEX. FIN. CODE ANN. § 304.104 (Vernon Supp. 2001); *Johnson*, 962 S.W.2d at 532, and accrues at a rate set pursuant to chapter 304 of the Finance Code. *See* TEX. FIN. CODE ANN. §§ 304.003, .102 (Vernon Supp. 2001). Alternatively, at least until 1999, prejudgment interest in a breach of contract case where damages could be ascertained from the contract was governed by a 1997 version of section 302.002 of the Finance Code. *See Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 950

S.W.2d 371, 372-73 (Tex. 1997); Act of May 24, 1997, 75th Leg., R.S., ch. 1008, § 1, sec. 302.002, 1997 Tex. Gen. Laws 3091, 3422 (eff. Sept. 1, 1997) (providing that "[w]hen no specified rate of interest is agreed on by the parties, interest at the rate of six percent per year is allowed on all accounts and contracts ascertaining the amount payable, beginning on the 30th day after the date on which the amount is due and payable.");[2] *see also Firefighters' & Police Officers' Civil Serv. Comm'n v. Herrera*, 981 S.W.2d 728 (Tex. App.–Houston [1st Dist.] 1998, pet. denied) (applying six percent rate established by statutory predecessor to section 302.002 of the Finance Code to determine prejudgment interest that city civil service commission owed to firefighters for failing to fill vacancies because firefighter salaries are set by ordinance, and both the number of pay periods and the weighted differential could be ascertained with reasonable certainty).

The rate of prejudgment interest on any judgment the county judge might obtain against the county would depend upon the legal nature of the claim and, of course, the underlying facts. Calculating and awarding prejudgment interest is a function within the province of the judicial branch. This office, which is not equipped to find facts,[3] is not able to predict how a court would calculate prejudgment interest should the county judge obtain a judgment against the county.

---

[2]Effective September 1, 1999, section 302.002 of the Finance Code provides: "If a creditor has not agreed with an obligor to charge the obligor any interest, the creditor may charge and receive from the obligor legal interest at the rate of six percent a year on the principal amount of the credit extended beginning on the 30th day after the date on which the amount is due. If an obligor has agreed to pay to a creditor any compensation that constitutes interest, the obligor is considered to have agreed on the rate produced by the amount of that interest, regardless of whether that rate is stated in the agreement." Act of Apr. 23, 1999, 76th Leg., R.S., ch. 62, § 7.18(a), sec. 302.002, 1999 Tex. Gen. Laws 127, 224.

[3]*See, e.g.*, Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); M-187 (1968) at 3 ("[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").

## S U M M A R Y

A county may not pay the employer's share of employment taxes on a county judge's state salary supplement from the monies provided by the state. *See* TEX. GOV'T CODE ANN. § 26.006 (Vernon Supp. 2001) (providing that certain county judges receive an annual salary supplement of $10,000 from the state).

A district attorney may not require the county commissioners court to expend county funds to pay the employer's share of employment taxes on the assistant district attorney salary supplements paid from the district attorney's "hot-check fund" and from monies the district attorney receives from the state under section 46.004 of the Government Code. The hot-check and section 46.004 monies are not dedicated solely for salary supplements, and their statutes do not vest the district attorney with control over county funds. *See id.* § 46.004 (providing that "[e]ach state prosecutor is entitled to receive not less than $22,500 a year from the state to be used by the prosecutor to help defray the salaries and expenses of the office"); TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (Vernon Supp. 2001) (dedicating certain hot-check fees to "defray the salaries and expenses of the prosecutor's office"). The district attorney is responsible for assuring compliance with federal law with respect to employment taxes on the salary supplements.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee